IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 10-30006 |
| | ) |
| STANLEY E. VAUGHN, | ) |
| | ) |
| Defendant. | ) |
| | ) |

ORDER

RICHARD MILLS, U.S. District Judge:

This matter is before the Court on the motion to suppress evidence [d/e 14] filed by Defendant Stanley E. Vaughn.  In a Report and Recommendation [d/e 17] entered on May 24, 2010, United States Magistrate Judge Byron G. Cudmore recommended that the motion to suppress be denied.  Defendant Vaughn filed a timely Objection to the Report and Recommendation.

The Court has carefully considered the magistrate judge's Report and Recommendation and the Objection thereto.  Vaughn contends that the officers lacked probable cause to conduct a warrantless arrest and, therefore,

the evidence seized from his person, any evidence seized from his automobile, and any statements of Vaughn should be suppressed.

The Court concludes that the warrantless arrest was supported by probable cause. Specifically, the officers relied on detailed information provided by co-Defendant Jenell Moore, who had admitted his own involvement in heroin trafficking.

In his Objection, Vaughn contends that Moore's information was unreliable and uncorroborated and that the officers observed behavior that was entirely innocent. However, "the relevant inquiry is not whether particular conduct is 'innocent' or 'guilty,' but the degree of suspicion that attaches to particular types of non-criminal acts." Illinois v. Gates, 462 U.S. 213, 243 n.13 (1983). An informant's accurate prediction of future activity is important in assessing probable cause "because [if] an informant is right about some things, he is more probably right about other facts." See id. at 244. After receiving the information from Moore, officers were able to corroborate it. The officers then observed Vaughn "taking the actions which [Moore] had said to expect." See United States v. Oliva, 385 F.3d 1111,

1114 (7th Cir. 2004). "That is exactly the type of corroboration that counts." Id. Based on what the officers knew, including the information from Moore which they were able to corroborate, the Court concludes that Vaughn's arrest was supported by probable cause.

Ergo, the Court hereby Adopts the Report and Recommendation [d/e 17] prepared by the magistrate judge. The motion to suppress filed by Defendant Stanley E. Vaughn [d/e 14] is DENIED.

ENTER: June 15, 2010

        FOR THE COURT:

                                  s/Richard Mills
                                  United States District Judge