IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-30006 |
| ) | |
| STANLEY E. VAUGHN, ) | |
| ) | |
| Defendant. ) | |

OPINION

RICHARD MILLS, United States District Judge:

The Defendant's Amended Motion for Modification of Sentence and Supplement to Amended Motion for Compassionate Release are pending.

I.

In his Amended Motion for Modification of Sentence under 18 U.S.C. § 3582(c)(1)(A), Stanley E. Vaughn claims that extraordinary and compelling reasons warrant modifying his sentence to time served. He alleges the cumulative effect of the sentence in Northern District of Illinois Case Number 13-00774 renders his 262-month sentence in this case overly punitive.

In 2017, in the Northern District of Illinois case, Vaughn was sentenced to 240 months imprisonment after pleading guilty to a RICO conspiracy with nine other

1

defendants. The sentence was ordered to run consecutively to the sentence in this case.

The Government claims Vaughn is unable to show under § 3582(c)(1)(A) that "extraordinary and compelling reasons" warrant the requested reduction. Moreover, it is the judge who imposes the second sentence who has the authority to order it to run consecutively or concurrently. *See Romandine v. United States*, 206 F.3d 731, 738 (7th Cir. 2000).

II.

Vaughn, who is 43-years old, is serving his sentence at Edgefield FCI and, according to the Bureau of Prisons (BOP) website has a projected release date of August 31, 2045. He has been in custody since January 2010.

In support of the motion, Vaughn notes he has taken classes while in BOP custody, including drug rehabilitation and personal growth classes. He is enrolled in UNICOR. He has had no significant violations at BOP.

At the time this Court sentenced him to 262 months in prison, there was no consecutive 20-year sentence hanging over him. Vaughn states that the Court believed it was sentencing him to 262 months, not 502 months. The Court evinced no intent to depart from the advisory guideline system. The Court adopted the

Presentence Investigation Report without change. The PSR identified no reasons to go outside the guidelines.

Vaughn stated the reasonable conclusion is that the Court found a 262-month sentence to be "sufficient, but not greater than necessary" to meet the sentencing goals of § 3553(a). The Court expressed no need to order 40 years' imprisonment for Vaughn, in order to protect the public or otherwise incapacitate him for most of the rest of his life.

When Vaughn was sentenced to a 20-year consecutive term in the Northern District case, the nature and effect of this Court's sentence dramatically changed. In that case, Vaughn pled guilty to a RICO charge. Most of his co-defendants (some of whom had committed murders) went to trial. Because of the nature of a RICO case, Vaughn was held responsible for the crimes of his co-defendants, some of which occurred after he was incarcerated in this case. Vaughn states this Court gave no indication it believed a sentence approaching life was appropriate.

The Government notes that the sentencing judge in the Northern District may have determined that the latter case involved another distinct crime that warranted a separate and lengthy punishment. Vaughn had a significant criminal record as a juvenile. As an adult, his convictions began at age 17 and include the following state law convictions: Possession of a Controlled Substance with Intent to Distribute

(heroin); Unlawful Use of a Firearm by a Convicted Felon; Possession of a Stolen Vehicle; Residential Burglary; and Possession of a Controlled Substance (heroin). Those convictions preceded Vaughn's two federal cases.

Vaughn claims that another 25 years in prison will accomplish little in terms of the statutory sentencing factors. The 11-plus years he has served is significant. He has missed watching his children grow up and will miss much of their futures as well. In any event, he must serve another 20 years based on the Northern District case. Vaughn alleges that deterrence has been achieved.

Vaughn alleges the sentence will have little rehabilitative value under § 3553(a)(2)(D) if he gets out when he is well into his 60s. He is less likely to be a danger to the community or need more punishment. In order for rehabilitation to matter, Vaughn states that he should be released at an age when he is able to use the skills he has learned while incarcerated.

Vaughn further notes he is 10 years older and no longer the same person who went to jail in 2010. His efforts at rehabilitation are all the more impressive when the 2017 sentence is considered. He has tried to better himself despite the particularly lengthy sentence.

Vaughn claims that a total sentence of 30 years is sufficient. His conduct in the Northern District case concerned driving other people around. Those individuals

apparently murdered others.  While Vaughn is not blameless, he is not as culpable as his associates.  Vaughn claims the Court should consider whether it intended for this sentence to result in him spending the majority of the rest of his life in prison.  He asks the Court to cut it by 10 years.

The Government claims Vaughn appears to be circumventing the limitations applicable to habeas motions under 28 U.S.C. § 2255.  The venue to attack the Northern District of Illinois sentence lies in the Northern District, not this Court.  He has not presented any extraordinary and compelling reasons that would warrant a reduction or compassionate release.

Vaughn is correct that the Court did not intend to impose a 502-month sentence when sentencing him on December 10, 2010.  The Court's intent was to impose a 262-month term.  The RICO conspiracy that resulted in Northern District of Illinois Case Number 13-00074 was not before the Court.  The sentencing judge in that case determined in 2017 that a consecutive 240-month imprisonment term was appropriate.  Presumably, the judge in that case was aware of the record and disposition in this case before concluding that a 20-year consecutive term was appropriate.  Vaughn's assertion that a 502-month total imprisonment term is excessive is more appropriately made in the Northern District of Illinois case.

Vaughn's significant progress while in BOP custody is commendable. However, the Court is unable to conclude that the cumulative effect of the 262-month term in this case and 240-month term in the Northern District case constitutes an extraordinary and compelling reason which would warrant a sentence reduction.

III.

In his supplement to his amended motion under 18 U.S.C. § 3582(c)(1)(A), Vaughn states that recent developments in case law show that his original sentencing guideline range was incorrect. Vaughn was incorrectly subject to a sentencing enhancement under 21 U.S.C. §§ 841(b)(1)(B) and 851. Therefore, his range should have been 188-235 months imprisonment, based on a total offense level of 31 and criminal history category of VI, instead of 262-327 months (based on a total offense level of 34 and criminal history category of VI).

Specifically, Vaughn's convictions in Cook County Case Numbers 95-CR-12960 and 03-CR-658001 would not qualify for a § 851 enhancement under *United States v. Ruth*, 966 F.3d 642, 650 (7th Cir. 2020).

Based on *Ruth*, Vaughn's potential maximum sentence should have been 40 years, instead of life imprisonment. Accordingly, his guideline range based on the 2010 guidelines should have been 188-235 months under U.S.S.G. § 4B1.1(b)(B).


Vaughn notes that, because he was sentenced at the bottom of the guideline range that was calculated, it is reasonable to presume he would have been sentenced to 188 months if the guidelines at sentencing were accurate.  At the very least, he argues, it is unlikely he would have been sentenced to more than two years above the high end of 235 months.  Vaughn asks the Court to amend is sentence to reflect a sentence consistent with what similarly situated individuals today would receive today.

A court may grant an inmate's compassionate release request only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or "the lapse of 30 days" from the receipt of such a request by the warden—whichever is earlier.  18 U.S.C. § 3582(c)(1)(A).  The Seventh Circuit recently determined that the exhaustion defense is a mandatory, claim processing rule and therefore must be enforced when properly invoked.  *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021).  Subsequently, the court concluded that an inmate cannot seek release from BOP on one ground and then move for compassionate release on an unrelated ground.  *See United States v. Williams*, 987 F.3d 700, 704 (7th Cir. 2021).

As the Government notes, Vaughn's reduction in sentence request to BOP stated that he was seeking compassionate release or house arrest due to his medical conditions: "I'm requesting compassionate release or reducing my sentence so I can

7

be confined to house arrest for the remain[der] of my sentence [due] to my medical conditions." Because Vaughn sought compassionate release from BOP only due to his medical conditions and the Government has raised the exhaustion defense, Vaughn cannot now seek compassionate release on the basis that the guidelines were erroneous following *Ruth*.

Based on the foregoing, the Court has no basis to grant compassionate release.

Ergo, Defendant Stanley Vaughn's Amended Motion for Modification of Sentence under 18 U.S.C. § 3582(c)(1)(A) [d/e 84] is DENIED.

The Defendant's Supplement to Amended Motion for Modification of Sentence [d/e 88] is DENIED.

The Clerk will terminate the Defendant's *Pro Se* Motions [d/e 77 & 79].

ENTER: June 3, 2021

    FOR THE COURT:

                  /s/ *Richard Mills*
                  Richard Mills
                  United States District Judge