UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:10-cr-30006-SLD-KLM-2 |
| ) | |
| STANLEY E. VAUGHN, ) | |
| ) | |
| Defendant. ) | |

ORDER

Before the Court is Defendant Stanley Vaughn's *pro se* motion for compassionate release, ECF No. 97. For the reasons that follow, the motion is DENIED.

BACKGROUND

On December 10, 2010, Defendant was sentenced to 262 months of imprisonment for conspiracy to distribute and possess with intent to distribute heroin. Judgment 1–2, ECF No. 45. He is serving his sentence at Federal Correctional Institution ("FCI") Edgefield and has a projected release date of August 31, 2045. *See Find an inmate*, Fed. Bureau of Prisons ("BOP"), www.bop.gov/inmateloc/ (search for Stanley Vaughn) (last visited July 21, 2022). In October 2021, he filed a *pro se* motion asking for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), often referred to as the compassionate release statute, arguing that his health issues and changes in sentencing law constitute extraordinary and compelling reasons for release. Mot. Compassionate Release 1–2. In November 2021, he submitted a supplement to his motion addressing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). *See* Suppl. Mot. Compassionate Release 1–2, ECF No. 98. The case was reassigned to this Court on May 5, 2022. May 5, 2022 Text Order.

1

## DISCUSSION

**I.     Legal Standard**

"[A] judgment of conviction that includes . . . a sentence [of imprisonment] constitutes a final judgment" that can be modified in only certain enumerated circumstances. 18 U.S.C. § 3582(b). As relevant here:

> [a] court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

*Id.* § 3582(c)(1)(A)(i).[1] "[T]he movant bears the burden of establishing extraordinary and compelling reasons that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021) (quotation marks omitted).

**II.    Analysis**[2]

   a. COVID

The Seventh Circuit has held that "for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *Broadfield*, 5 F.4th at 803. "A prisoner who can show that he is unable to receive or benefit from a vaccine," however, may still seek compassionate release based on COVID-19. *Id.* The prisoner must present "individualized medical evidence of special vulnerability to severe infection despite his vaccination." *United*

---

[1] The statute also states that the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). But the Seventh Circuit has held that there is currently no applicable policy statement with which a sentence reduction requested by a defendant under § 3582(c)(1)(A) must be consistent. *See United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020).
[2] The Court does not address exhaustion because it finds other reasons to deny Defendant's motion.

*States v. Clinton*, No. 22-1005, 2022 WL 2298178, at *1 (7th Cir. June 27, 2022) (citing *Broadfield*, 5 F.4th at 803, and *United States v. Kurzynowski*, 17 F.4th 756, 761 (7th Cir. 2021)); *see United States v. Newton*, 37 F.4th 1207, 1209 (7th Cir. 2022) ("Th[e] safety valve [established in *Broadfield*] permits federal prisoners to make motions with newly proffered individualized facts based on concerns like Omicron breakthrough cases, long COVID, or the relative inefficacy of vaccines for certain vulnerable prison populations, like the immunocompromised.").

Defendant argues that he has underlying medical conditions which make him especially vulnerable to COVID-19, *see* Mot. Compassionate Release 2, but also acknowledges that a vaccine was available to him, *id.*, and that he requested to be vaccinated in late 2021, *see* Suppl. Mot. Compassionate Release 1.  He argues that "it is common knowledge that the vaccines are not even remotely coming close to being one hundred percent effective," Mot. Compassionate Release 2 (capitalization altered), and points out that there have been breakthrough infections and hospitalizations in vaccinated people and that many prisoners are suffering from COVID symptoms long after their infections subside, Suppl. Mot. Compassionate Release 2–3.  These arguments are far too generic for the Court to find that Defendant remains particularly vulnerable to severe infection from COVID-19, and thus the Court does not find that Defendant has established an extraordinary and compelling reason for release based on his health conditions and COVID-19.

      b. **Sentencing Changes**

Next, Defendant argues that if he were sentenced today, his sentence likely would be lower because he would not be eligible for a § 851 enhancement under *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020).  Mot. Compassionate Release 2–3.  Effectively, Defendant's argument

3

is that his original sentence was erroneous. *See id.* at 3 ("The Guid[e]lines were incorrect because Vaughn was incorrectly subject to a sentencing enhancement . . . ." (capitalization altered)). But this argument is foreclosed by Seventh Circuit precedent holding that the "decision in *Ruth*—even if viewed as announcing new law or a new interpretation of an existing statutory provision—cannot alone constitute an 'extraordinary and compelling' reason authorizing a reduced sentence under § 3582(c)(1)(A)." *United States v. Brock*, -- F.4th -- , 2022 WL 2526057, at *2 (7th Cir. July 7, 2022); *United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021) ("[A] claim of errors in the original sentencing is not itself an extraordinary and compelling reason for release.").

Finding that Defendant has failed to establish an extraordinary and compelling reason for release, the Court denies his request for compassionate release.

## CONCLUSION

Accordingly, Defendant Stanley Vaughn's *pro se* motion for compassionate release, ECF No. 97, is DENIED.

Entered this 21st day of July, 2022

s/ Sara Darrow<br>
SARA DARROW<br>
CHIEF UNITED STATES DISTRICT JUDGE