## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-cr-30006 |
| | ) | |
| STANLEY E. VAUGHN, | ) | |
| | ) | |
| Defendant. | ) | |

### OPINION

**COLLEEN R. LAWLESS, U.S. District Judge:**

Before the Court is Defendant Stanley Vaughn's Motions for Compassionate Release. (Docs. 107; 109). The Motions are DENIED for the reasons that follow.

### I.    BACKGROUND

On December 10, 2010, Vaughn was sentenced to 262 months of imprisonment for conspiracy to possess with intent to distribute and to distribute heroin. Based on the Court's rulings and the calculations reflected in the Revised Presentence Investigation Report, the guideline range for the offense was 262 to 327 months' incarceration. (Doc. 48 at 25).

Vaughn requests a reduction in his sentence, pursuant to 18 U.S.C. § 3582(c)(1)(A), based on the length of his sentence and his demonstrated rehabilitative efforts while incarcerated. The Government argues that Vaughn's Motion should be denied because he is a danger to the community and presents no extraordinary and compelling reason to warrant a sentence reduction.

## II.    MOTION FOR COMPASSIONATE RELEASE

A court ordinarily "may not modify a term of imprisonment once it has been imposed" because sentences are final judgments. 18 U.S.C § 3582(c). But the federal "compassionate release" statute authorizes a district court to reduce a defendant's sentence, after considering the sentencing factors described in 18 U.S.C. § 3553(a), if the court finds that (1) "extraordinary and compelling reasons warrant such a reduction" and (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A). The Sentencing Commission's policy applicable to compassionate release was recently amended. *See* U.S.S.G. § 1B1.13 (eff. Nov. 1, 2023).

Section 1B1.13(b), as amended, describes six categories of extraordinary and compelling reasons that, considered individually or in combination, may support compassionate release: (1) the defendant's medical circumstances; (2) advanced age; (3) family circumstances; (4) sexual or physical abuse suffered by the defendant while in custody; (5) "other reasons" similar in gravity; and (6) an unusually long sentence. When determining whether an extraordinary and compelling reason exists, a court must "consider[] the applicant's individualized arguments and evidence." *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022). The defendant bears the burden of establishing a reason that is "extraordinary and compelling." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

## A. Exhaustion of Remedies

As a threshold matter, a court may consider compassionate release only if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf," or if thirty days have elapsed since the BOP has received a compassionate release request from the defendant. 18 U.S.C. § 3582(c)(1)(A). Vaughn submitted a request to the BOP on February 9, 2024, and more than 30 days have elapsed since that request was submitted. Therefore, he has passed the threshold, and the Court may consider his motion.

## B. Unusually Long Sentence

Vaughn moves for compassionate release based in part on the newly enacted amendment to the sentencing guidelines. *See* U.S.S.G. § 1B1.13(b)(6) (eff. Nov. 1, 2023). The new policy statement provides:

> Unusually Long Sentence.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, *a change in the law* (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

*Id.* (emphasis added). The policy allows a court, under the identified circumstances, to consider retroactive changes in the law as an extraordinary and compelling reason to remedy an unusually long sentence. *See also* U.S.S.G. § 1B1.13(c) (affirming that, while non-retroactive changes in the law will not generally be considered extraordinary and compelling reasons for early release, § 1.13(b)(6) provides an exception).

Vaughn argues that under *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020), none of his prior heroin convictions could have been used against him to increase his statutory penalties if he were sentenced today. He describes *Ruth* and its district-court progeny as a "change in the law" that would significantly alter his guideline sentencing range and produce a gross disparity in a sentence today relative to his sentence in 2010. The Government opposes Vaughn's § 1B1.13(b)(6) claim, arguing that *Thacker* and its progeny control. *See United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021); *see also United States v. Black*, 131 F.4th 542, 546 (7th Cir. 2025).

In *Black*, the Seventh Circuit held that the Sentencing Commission exceeded its authority when enacting § 1B1.13(b)(6). 131 F.4th at 546. The Court relied on its binding ruling in *Thacker* that the compassionate release statute "does not permit—without a district court finding some independent 'extraordinary or compelling' reason—the reduction of sentences lawfully imposed before the effective date of the First Step Act's amendment to [18 U.S.C. § 924(c)]." *Id.*; *Thacker*, 4 F.4th at 575 (quoted language). Because this Court is bound by Seventh Circuit precedent, Vaughn's § 1B1.13(b)(6) argument fails at the outset. *See Black*, 131 F.4th at 546 ("It follows from *Thacker* that § 1B1.13(b)(6) conflicts with the First Step Act.").

Even assuming the validity of § 1B1.13(b)(6),[1] it wouldn't apply to Vaughn. In *Ruth*, the Seventh Circuit considered whether a defendant's conviction for possession with intent to deliver cocaine under Illinois law constituted a predicate "felony drug

---

[1] The U.S. Supreme Court is set to resolve the question. *See Carter v. United States*, No. 24-860, 2025 U.S. LEXIS 2266 (U.S. June 6, 2025) (petition for writ of certiorari granted); *Rutherford v. United States*, No. 24-820, 2025 U.S. LEXIS 2209 (U.S. June 6, 2025) (same).

offense" for the purpose of assessing the statutory penalties for a subsequent federal offense. 966 F.3d at 645–48. The issue concerned whether Illinois's definition of cocaine was more expansive than the federal definition of cocaine. *Id.* In Illinois, "cocaine" included optical, positional, and geometric isomers whereas the federal definition included only optical and geometric isomers. *Id.* at 647. Because the Illinois statute was "categorically broader than the federal definition," the defendant's prior cocaine conviction could not be used as a predicate felony drug offense for enhancing his sentence. *Id.* at 646.

In Vaughn's case, both his prior convictions involved heroin. Since *Ruth*, district courts in this circuit have held that Illinois heroin convictions do not meet the federal definition of "serious drug felony" set forth in 21 U.S.C. § 802(58). *See, e.g., United States v. Johnson*, No. 17-cr-00770, 2021 U.S. Dist. LEXIS 13628, at *15–18 (N.D. Ill. Jan. 26, 2021). Vaughn contends that, as a result, Illinois heroin convictions cannot be used to increase the minimum statutory penalties set out in 21 U.S.C. § 841(b)(1)(A) and (B).

§ 1B1.13(b)(6) cannot apply to Vaughn because *Ruth* is not a "change in the law" for purposes of the policy statement. "The basis and authority for *Ruth* were in place since 1990, when the Supreme Court first laid out the categorical approach in *Taylor v. United States*, 495 U.S. 575, 600 (1990), and when the relevant portions of the Illinois and federal drug statutes had taken their current form." *White v. United States*, 8 F.4th 547, 555–56 (7th Cir. 2021) (cleaned up); *see also United States v. King*, No. 13 CR 50063-1, 2024 U.S. Dist. LEXIS 68958, at *9 (N.D. Ill. Apr. 16, 2024) ("*Ruth* did not establish new law. It merely employed the categorical approach adopted long ago by the U.S. Supreme Court in

[*Taylor*].”). Vaughn could have made a *Ruth*-styled (or *Taylor*-styled) argument using the categorical approach at sentencing, on direct appeal, or in a motion under 28 U.S.C. § 2255. He did not.

Because *Ruth*'s holding and district-court progeny did not change the law, creating an extraordinary and compelling reason for compassionate release under § 1B1.13(b)(6) (assuming *arguendo* its validity despite controlling authority), Vaughn is not entitled to relief on that basis.

### C. Rehabilitation

Vaughn argues that his rehabilitation during his period of incarceration supports compassionate release. But "good prison conduct and rehabilitation alone [cannot] override Congress's determinate sentencing scheme." *United States v. Peoples*, 41 F.4th 837, 842 (7th Cir. 2022); *see also* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). Because rehabilitation is Vaughn's only remaining basis for release, his motions must fail as he has not presented an extraordinary and compelling reason.

### D. Section 3553 Factors

Having determined that Vaughn has not presented an extraordinary and compelling reason warranting compassionate release, the Court is not required to consider the § 3553(a) factors. *United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("Because [the defendant] cannot establish an extraordinary and compelling reason for release, it was unnecessary for the district judge to consider the § 3553(a) factors at all."). For completeness, however, the Court briefly analyzes the sentencing factors and finds

that, even if Vaughn had demonstrated an extraordinary and compelling reason, the Section 3553(a) factors weigh against compassionate release. Section 3553(a) factors include the following: the nature and circumstances of the offense; the defendant's history and characteristics; and the need for the sentence to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (2) afford adequate deterrence, (3) protect the public, and (4) provide the defendant with effective training, care, or treatment. 18 U.S.C. § 3553(a).

Vaughn was sentenced for conspiring to sell between 100 and 400 grams of heroin. He threatened the safety of his co-defendant and his co-defendant's family for cooperating against him. And at about the time of the heroin conspiracy, Vaughn was the leader of a faction of a violent street gang in Chicago. While in the gang, Vaughn participated in a double murder and several attempted murders.

While it's true that Vaughn has made rehabilitative efforts during his incarceration and the BOP indicated his risk of recidivism is low, Vaughn's past violent conduct and other relevant § 3553(a) factors warrant against his early release. Those factors include a requirement that the sentence imposed should "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Considering all these factors, the Court finds Vaughn's original sentence, which was at the bottom end of his guideline range, remains appropriate and necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence.

### III.    CONCLUSION

For the foregoing reasons, Defendant Stanley Vaughn's Renewed Motion for Compassionate Release (Doc. 109) is DENIED. Defendant's *pro se* Motion for Compassionate Release (Doc. 107) is DENIED as MOOT.


ENTER: October 24, 2025

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE